United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHATMAN,<br><br>    Petitioner,<br><br>  v.<br><br>D. L. RUNNELS,<br><br>    Respondent.<br>_____ | No. C 05-2944 MMC (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**(Docket No. 3)** |

      Petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner seeks expungement of infractions that were placed in his record while he was incarcerated in the San Mateo County Jail.  According to petitioner, the subject infractions caused his classification score in the state prison system to increase by sixteen points.

      This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

      Traditionally, challenges to prison conditions have been cognizable only by way of a complaint filed pursuant to 42 U.S.C. § 1983, while challenges implicating the fact or duration of confinement must be brought by way of a habeas petition.  Docken v. Chase, 393

F.3d 1024, 1026 (9th Cir. 2004).  To whatever extent the infractions challenged by petitioner implicate the fact or duration of his confinement, such as by causing him to lose time credits, he may challenge them in a habeas petition.  See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997); Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).  Petitioner does not allege, however, any such consequences in connection with the infractions in question.  As a result, the infractions appear to have had an impact on the conditions of his confinement, but not on the duration of his sentence.  The Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."  Ramirez, 334 F.3d at 859.  Consequently, challenges to conditions of confinement should be brought in a civil rights complaint, not in a habeas petition.  See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (holding civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on ground that challenges to terms and conditions of confinement must be brought in civil rights complaint).

Accordingly, petitioner will be granted leave to amend the petition, if he can do so in good faith, to allege any impact the challenged infractions have had on the fact or duration of his confinement, such as the loss of time credits.  Failure to do so will result in the dismissal of this action without prejudice to petitioner's bringing the claims in a civil rights complaint pursuant to 42 U.S.C. § 1983.

In light of the foregoing, the Court orders as follows:

1.      The petition is DISMISSED WITH LEAVE TO AMEND.  If petitioner wishes to amend the petition, he must file, within **thirty (30) days** of the date this order is filed, an amended petition in which he corrects the deficiencies noted above.  The amended petition must include the caption and civil case number used in this order, No. C 05-2944 MMC (PR), and must include the words AMENDED PETITION on the first page.  <u>In the amended petition, petitioner must include all the claims he wishes to present; he may not incorporate matters from the original petition by reference.</u>

2. **If petitioner fails to timely amend the petition as ordered herein, this action will be dismissed without prejudice to petitioner's raising the claims in a civil rights complaint pursuant to 42 U.S.C. § 1983.**

3. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) or Local Rule 3-11.

4. The application to proceed in forma pauperis is GRANTED in light of petitioner's lack of funds.

This order terminates Docket No. 3.

IT IS SO ORDERED.

DATED: October 18, 2005

_____
MAXINE M. CHESNEY
United States District Judge