IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHATMAN, ) | No. C 05-2944 MMC (PR) |
| Petitioner, ) | |
| v. ) | **AMENDED ORDER OF DISMISSAL** |
| D. L. RUNNELS, ) | |
| Respondent. ) | |
| _____ ) | |

On July 19, 2005, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking expungement of infractions placed in his record while he was incarcerated in the San Mateo County Jail, and alleging the subject infractions caused his classification score in the state prison system to increase by sixteen points.

The petition did not allege, however, that the infractions had any impact on the fact or duration of petitioner's sentence, such as by causing him to lose time credits. See Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004) (holding challenges implicating fact or duration of confinement must be brought by way of habeas petition); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) (holding "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"). Consequently, in an order filed October 18, 2005, the Court

dismissed the petition and granted petitioner leave to file an amended petition "to allege any impact the challenged infractions have had on the fact or duration of his confinement, such as the loss of time credits." Petitioner was cautioned: "Failure to do so will result in the dismissal of this action without prejudice to petitioner's bringing the claims in a civil rights complaint pursuant to 42 U.S.C. § 1983."

On February 6, 2006, petitioner filed a document titled "Civil Complaint 42 U.S.C. § 1983 Amended Complaint," in which he reiterates his claims that the infractions are unlawful, but again fails to allege that he lost time credits or that the duration of his custody was otherwise affected by the challenged infractions. Filing a civil rights complaint in the present action was not an option made available to petitioner. Rather, his choices were either to file an amended petition, if he could allege in good faith that the challenged infractions affected the fact or duration of his custody, or to file a civil rights complaint in a new action. As it appears from the allegations in the above-referenced complaint that the challenged infractions did not result in a loss of time credits or otherwise affect the duration of petitioner's custody, the instant action is hereby DISMISSED, without prejudice to petitioner's bringing his claims in a civil rights complaint filed in a separate action.

Any pending motions are hereby terminated.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: May 10, 2006

MAXINE M. CHESNEY
United States District Judge